**Dennis KASZA, Plaintiff,**

v.

**COMMONWEALTH EDISON, et al., Defendants.**

**No. 84 C 2082.**

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1985.

Larry B. Lichtenstein, Christine A. Foh, Law Offices of Larry B. Lichtenstein, Eugene F. Friedman, Eugene F. Friedman, Ltd., Chicago, Ill., for plaintiff.

Gregory Kulis, James Ryan, Asst. Corp. Counsels, James D. Montgomery, Corp. Counsel, Chicago, Ill., for City of Chicago, Fred Rice, John Schmidt.

Peter C. John, Robert J. Bates, Jr., Phelan, Pope & John, Ltd., Chicago, Ill., for Commonwealth Edison, Donald Garling.

Gregory Kulis, James Ryan, Chicago, Ill., for Richard Brzeczek.

MEMORANDUM

LEIGHTON, District Judge.

This cause is before the court on the motion of defendants City of Chicago, Richard Brzeczek, and John Schmidt, to dismiss Counts III, IV, V and VI of plaintiff's complaint, alleging state law claims. They base the motion on the Illinois Tort Immunity Act, Ill.Rev.Stat., ch. 85 §§ 8–102, 8–103, which requires that a cause of action against a local public entity or its employees "shall be dismissed" if no statutory notice is served within one year from the date that the action arose. Plaintiff's cause of action arose during November and

December of 1982; however, his complaint fails to allege notice given to the City of Chicago and its employees within one year of that time. Defendants contend, therefore, that plaintiff's state claims must be dismissed, as failure to comply with the requirements of local law deprives this court of its subject matter jurisdiction over the pendent claims. The following is a brief recapitulation of the facts and procedural history of this case.

Plaintiff brought suit under 42 U.S.C. §§ 1983, 1985, and state law, alleging that his civil rights were violated during a series of interrogations conducted by certain employees and agents of defendant Commonwealth Edison Company ("Edison"), including an off-duty Chicago Police Officer, a part-time employee of the company. Plaintiff, a long-time employee of Edison, worked as a senior cashier at one of its service centers. In November, 1982, he came under suspicion for the theft of $500. Subsequently, he was removed from his regular position, and reassigned to an allegedly demeaning job, while Edison conducted an internal investigation regarding the theft. According to plaintiff, that investigation constituted a continuing course of interrogation and harassment which violated his civil rights and deprived him of due process of law. To support his claim that defendants were acting "under color of state law" in allegedly depriving him of his constitutional rights, plaintiff alleged that defendant City of Chicago, through its superintendents Brzeczek and Rice, authorized the practice whereby off-duty police officers maintained part-time private jobs, and thus willfully participated in Edison's alleged violations of his civil rights.

Defendants Commonwealth Edison, City of Chicago, Richard Brzeczek, Fred Rice and John Schmidt brought motions to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. After careful review of the complaint, the court concluded that plaintiff might be able to prove some set of facts to support his claim that de-

fendants Commonwealth Edison and John Schmidt, the off-duty Chicago policeman, were acting under color of state law when the alleged constitutional deprivations occurred. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The court also concluded that plaintiff's allegations were sufficient against Richard Brzeczek and the City of Chicago to withstand a motion to dismiss. As to Fred Rice, however, the court granted the motion to dismiss, stating that the necessary personal involvement was not alleged as to this defendant's conduct to sustain a civil rights claim against him. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The court also ordered dismissal of plaintiff's claims against all defendants under 42 U.S.C. § 1985(3), for the reason that the complaint did not allege the supposed conspiracy against him was motivated by animus akin to racial discrimination. *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). The effect of the court's ruling, therefore, was to leave only Commonwealth Edison, City of Chicago, Richard Brzeczek, John Schmidt and Donald Garling [1] as defendants; and to drop Count II from the complaint, leaving only Count I (the Section 1983 claim), and Counts III, IV, V and VI (the pendent state claims at issue here).

In answering defendants' motion to dismiss these claims, plaintiff states that Counts III and VI do not even allege claims against these defendants. According to plaintiff, only the allegations contained in Counts IV and V are properly addressed by the motion. He opposes dismissal of Count IV on the ground that this is a federal claim for "invasion of privacy," thus Illinois law requiring statutory notice is inapplicable. Plaintiff also opposes dismissal of Count V, alleging false imprisonment, by stating that it is properly governed by the Illinois two-year Statute of Limitations.

Defendants reply by arguing that Counts III and VI do implicate them, as each count

---

**1.** The court's ruling denying the motion to dismiss of Commonwealth Edison would also include defendant Donald Garling, who joined in his employer's motion to dismiss.

realleges claims which were made in prior counts. This court agrees. Accordingly, because they are state law claims, Counts III and VI are dismissed for failure to comply with the notice provisions of Illinois law.

■ As to Count IV, accepting as true that it is a federal claim, and not a state claim, defendants believe that plaintiff has failed to state a claim for invasion of privacy under federal law because his allegations are conclusory only, and do not give an indication of how any constitutional rights were violated. In defendants' words, "merely asking the plaintiff about his finances falls far short of violating one's constitutional rights." This court agrees that Count IV fails to state a claim of constitutional proportion. Accordingly, defendants' motion to dismiss Count IV is granted.

Defendants argue that plaintiff's opposition to dismissal of Count V misses the mark: what is at issue is not the statute of limitations, but failure to adhere to the notice requirement of the Tort Immunity Act. Defendants do not dispute that plaintiff has two years in which to bring his claim for false imprisonment. They only challenge the mandatory failure to plead notice under Illinois law. The court concludes that defendants' reading of applicable law is a correct one, and that Count V must be dismissed for failure to comply with the notice requirements of local law.

■ Accordingly, defendants' motion to dismiss Counts III, IV, V, and VI of plaintiff's complaint is granted. Because this order and the preceding one markedly change the complexion of plaintiff's lawsuit, the court orders plaintiff to submit an amended complaint, detailing his allegations against the remaining defendants, in accordance with the court's rulings. Defendants have 21 days to answer the amended complaint, or otherwise plead, which would include their right to file a motion to dismiss, or a properly supported motion for summary judgment.

So ordered.